UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In re ROSA MONICA RUIZ, § | |
| § | |
| *Debtor*, § | |
| § | |
| ROSA MONICA RUIZ, § | Civil Action No.  SA-16-CV-509-XR |
| § | |
| *Appellant*, § | Bk. Adv. No. 15-53001-cag |
| § | |
| v. § | |
| § | |
| DEUTSCHE BANK NATIONAL TRUST § | |
| COMPANY, § | |
| § | |
| *Appellee*. | |

## ORDER

On this date, the Court considered the status of this case. On May 9, 2016 Appellant/Debtor Rosa Monica Ruiz filed a notice of appeal from the bankruptcy court's May 4, 2016 order granting Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Bankruptcy Docket no. 11. On June 6, 2016, the appeal was docketed in this Court, as well as the Transmission of Record on Appeal indicating that no designation of the record on appeal had been filed. Docket no. 1. Also on June 6, the Clerk of this Court issued a scheduling order to the parties, indicating that, "[u]nless the district court by order in a particular case directs otherwise, the filing of briefs on appeal shall be in accordance with Rule 8018 of the Federal Rules of Bankruptcy Procedure." Docket no. 2; *see* FED. R. BANKR. P. 8018(a). No other scheduling order has been issued by this Court, and thus appellant's brief was due within thirty days after entry of the appeal on the docket pursuant to Rule 8018. Accordingly, Ruiz's brief was originally due on July 6, 2016. On July 17, Ruiz filed a motion to extend time to file her brief

1

until August 5, 2016, which the Court granted. Docket no. 3. Ruiz did not file her brief or seek another extension of time to do so.

In addition, Rule 8009 states that within fourteen days of the notice of appeal, the appellant shall file with the clerk and serve on the appellee a designation of items to be included in the record on appeal and statement of the issues to be presented. Ruiz failed to designate any items to be included in the record on appeal. The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if she has failed to provide the appellate court with the requisite record excerpts. *In re CPDC, Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). Likewise, the purpose of the statement of issues is "principally to identify the portions of the testimony below that should be included in the record on appeal." *Id.* Ruiz has not satisfied these requirements, nor has she sought an extension of time to do so.

In light of Ruiz's failures, this Court issued a show cause order on September 30, 2016, directing her to show cause by October 14 as to why the Court should not dismiss her appeal for failure to file a statement of the issues, failure to designate the necessary items for the record on appeal, and failure to file an appellate brief. Docket no. 4. Ruiz did not respond.

Rule 8003 states that an appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court deems appropriate, which may include dismissal of the appeal. A district court may exercise its discretion to dismiss an appeal under appropriate circumstances. *In re CPDC*, 221 F.3d 693, 699 (5th Cir. 2000). Specifically, a district court has discretion to dismiss an action if the appellant has failed to take steps to prosecute his appeal. *See Matter of Braniff Airways, Inc.*, 774 F.2d 1303, 1304–05 (5th Cir. 1985).

Ruiz has not done anything to prosecute her appeal other than filing a notice of it. She has not taken the required steps of filing her brief, developing the appellate record, and providing a

statement of the issues. Further, she did not comply with this Court's order to justify these failures. Accordingly, the Court exercises its discretion to dismiss this case for failure to prosecute this appeal.

    It is so ORDERED.

    SIGNED this 18th day of October, 2016.

    _____
    XAVIER RODRIGUEZ
    UNITED STATES DISTRICT JUDGE